IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RSUI INDEMNITY COMPANY,                  )<br>                                          )<br>    Plaintiff,                           )<br>                                          )<br>    v.                                    )<br>                                          )<br>LINDSEY RENEE WHITTEN; RYAN               )<br>AUSTIN CRAIG; XONDADRIC HOLMES;           )<br>DMC BUILDERS CO., INC.; DIN-CAL           )<br>CONSTRUCTION, INC.; STERLING - U OF AL,   )<br>L.P.; DDC CONSTRUCTION, INC.; and         )<br>SUMMIT STEEL FABRICATORS, INC.            )  | Civil Action<br>No.: |

## COMPLAINT FOR INTERPLEADER

NOW COMES Plaintiff, RSUI INDEMNITY COMPANY, by and through counsel, and brings this Complaint for Interpleader under Sections 1335, 1397, and 2361, Title 28, United States Code, and states as follows:

### PARTIES

1.   Plaintiff RSUI Indemnity Company ("RSUI") is a New Hampshire corporation with its principal place of business in Atlanta, Georgia.

2.   Defendant Lindsey Renee Whitten, upon information and belief, is a citizen and resident of 972-B martin Luther King Jr. Parkway, Athens, Georgia 30601.

3.   Defendant Ryan Austin Craig, upon information and belief, is a citizen and resident of 17 Parkview Drive A, Tuscaloosa, Alabama 35401.

4.   Defendant Xondadric Holmes, upon information and belief, is a citizen of Texas and currently residing at 100 N. Lamar St., Fort Worth, Texas 76102.

5.    Defendant DMC Builders Co., Inc. ("DMC Builders"), is a Texas corporation with its principal place of business at 3411 Richmond Avenue, Suite 200, Houston, Texas 77046.

6.    Defendant Din-Cal Construction, Inc. ("Din-Cal'), is a Texas corporation with its principal place of business at 3411 Richmond Avenue, Suite 200, Houston, Texas 77046.

7.    Defendant DDC Construction, Inc. ("DDC"), is a Texas corporation with its principal place of business at 3411 Richmond Avenue, Suite 200, Houston, Texas 77046.

8.    Defendant Sterling - U of AL, L.P. ("Sterling") is a Texas limited partnership with its principal place of business at 3411 Richmond Avenue, Suite 200, Houston, Texas 77046.

9.    Defendant Summit Steel Fabricators, Inc. ("Summit Steel"), is a Texas corporation with its principal place of business at 2004 Federal Road, Houston, Texas 77015.

## JURISDICTION AND VENUE

10.    Jurisdiction in this matter is premised upon 28 U.S.C. §§ 1335, 1397, and 2361, concerning federal interpleader actions. Two or more adverse claimants in this action are of diverse citizenship, and the amount in controversy exceeds $500.00 as hereinafter more fully set forth.

11.    Venue is appropriate pursuant to 28 U.S.C. § 1391 as one or more defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

## FACTS

12.    RSUI Indemnity Company ("RSUI") issued a Commercial Excess Liability Policy, policy number NHA069031, to Summit Steel Fabricators, Inc. ("Summit Steel") effective September 13, 2014, to September 13, 2015, (the "RSUI Policy"). The RSUI Policy provides limits of $5,000,000 per "occurrence" and $5,000,000 in the aggregate.

13. The RSUI Policy is excess of a primary commercial general liability policy of insurance issued by Indian Harbor Insurance Company ("Indian Harbor"), policy number ESG3000472, to Summit Steel, for the policy period September 13, 2014, to September 13, 2015 (the "Indian Harbor Policy"). The Indian Harbor Policy provides limits of $1,000,000 per "occurrence," $2,000,000 products-completed operations aggregate, and $2,000,000 in the general aggregate.

14. On March 10, 2015, Lindsey Renee Whitten filed a Complaint against Summit Steel, among others, styled *Lindsey Whitten v. Din-Cal Construction, Inc. et al.*, cause number cv-15-900280, in the Circuit Court of Tuscaloosa County, Alabama. The Complaint and all subsequent amendments are collectively referred to as the "*Whitten* lawsuit."

15. On March 10, 2015, Ryan Austin Craig filed a Complaint against Summit Steel, among others, styled *Ryan Craig v. Din-Cal Construction, Inc. et al.*, cause number cv-15-900281, in the Circuit Court of Tuscaloosa County, Alabama. The Complaint and all subsequent amendments are collectively referred to as the "*Craig* lawsuit."

16. The *Whitten* and *Craig* lawsuits seek recovery for personal injuries sustained on November 29, 2014, when Ms. Whitten and Mr. Craig fell from an apartment balcony at the Crimson Student Living Apartments in Tuscaloosa, Alabama, and allege that the accident was caused (in whole or in part) by a defective "balcony railing system" installed or provided by Summit Steel.

17. On February 16, 2016, Xondadric Holmes filed an Original Petition against Summit Steel, among others, styled *Xondadric Holmes v. Summit Steel Fabricators, Inc. et al.*, cause number DC-16-01840, in the District Court of Dallas County, Texas. The Original Petition and all subsequent amendments are collectively referred to as the "*Holmes* lawsuit."

18.     The *Holmes* lawsuit alleges that on January 28, 2015, Xondadric Holmes fell from a 4th floor apartment when the railing he was leaning against gave way, resulting in various bodily injuries.

19.     The injuries alleged in the *Whitten*, *Craig*, and *Holmes* lawsuits all occurred during the policy period of the Indian Harbor and RSUI Policies.

20.     On October 11, 2016, defendants DMC Builders, Din-Cal, and Sterling filed a Complaint for Declaratory Judgment, cause number 63-cv-2016-901106, in the Circuit Court of Tuscaloosa County, Alabama, against defendants Summit Steel, Indian Harbor, and RSUI (the "Declaratory Judgment Action").

21.     The Declaratory Judgment Action alleges that Summit Steel is contractually obligated to defend and indemnify DMC Builders, Din-Cal, Sterling, and their agents and employees against any and all claims arising from the performance of Summit Steel's work at the Crimson Student Living Apartments, including but not limited to Summit's fabrication and installation of the balcony railings, in connection with the injuries and damages alleged in the *Whitten* and *Craig* lawsuits.

22.     The Declaratory Judgment Action further alleges that DMC Builders, Din-Cal, and Sterling are entitled to defense and/or indemnity under the Indian Harbor and RSUI Policies.

23.     Defendant DDC has also asserted a claim against Summit Steel alleging Summit Steel is contractually obligated to defend and indemnify DDC in connection with the injuries and damages alleged in the *Whitten* and *Craig* lawsuits.

24.     The RSUI Policy provides limits of $5,000,000 per "occurrence" and $5,000,000 in the aggregate (i.e., $5,000,000 total) for all damages that take place during the RSUI Policy period, regardless of the number of insureds, claims made or suits brought, or persons or

organizations making claims or bring suits, in excess of the underlying limits of insurance provided by the Indian Harbor Policy.

25.     Indian Harbor, as the primary carrier for Summit Steel, has agreed, and continues to defend Summit Steel in connection with the *Whitten*, *Craig*, and *Holmes* lawsuits.

## BILL OF COMPLAINT

### COUNT I - INTERPLEADER

26.     RSUI recognizes its duty to indemnify and pay on behalf of its insured, Summit Steel, all sums that the insured becomes legally obligated to pay as damages in excess of the underlying Indian Harbor policy limits, subject to the $5,000,000 policy limits of the RSUI Policy. All defendants listed above have or may have claims against the fund described above, which will subject RSUI and/or its insured to multiple and possibly conflicting claims and to a multiplicity of suits.

27.     In consideration of the number and extent of the claims and the uncertainty as to the person or persons to whom the fund should be paid, and the amounts in which claims should be paid, RSUI is unable to settle or pay the claims.

28.     As a result of the multiple and conflicting claims contained in this action and arising out of the underlying *Whitten*, *Craig*, and *Holmes* lawsuits and Declaratory Judgment Action, RSUI is in doubt and cannot determine its liability as between the claims, and RSUI does not know to which of the defendants, if any, it may pay claims under the above-referenced policy as all known facts indicate that the limits of liability for bodily injury under the above-referenced policy will not suffice to settle the existing claims.

29. RSUI recognizes that the circumstances of the underlying accidents and lawsuits made the basis of this action are such that a jury might determine that legal liability existed on the part of one or more of the state court plaintiffs and claimants.

30. Unless the several defendants to this action are restrained or enjoined from prosecuting suits against RSUI, either directly or indirectly, and from any effort to collect from RSUI any judgments rendered in any such suit, RSUI will be subjected to multiple or vexatious claims, inconsistent judgments, and will be prejudiced and subjected to numerous suits, the outcome of which will not be properly determinative of the manner in which the limited fund established by plaintiff should be apportioned among the several claimants. This matter, therefore, falls within the purview of Section 2361, Title 28, United States Code.

31. RSUI additionally seeks relief as provide by Rule 22 of the Federal Rules of Civil Procedure.

32. RSUI pays into the registry of this Court, herewith, the sum of Five Million Dollars ($5,000,000), the amount due under the terms and provisions of the RSUI Policy for the claims arising out of the accidents or occurrences set out above to abide the orders and judgments of this Court.

WHEREFORE, Plaintiff RSUI Indemnity Company prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties together with the following relief:

    a. Each of the defendants may be ordered and commanded to interplead and settle among themselves their respective rights and claims to proceeds of the RSUI Policy, the sum of Five Million Dollars ($5,000,000);

b. This Court enter an order enjoining and restraining each and all of the defendants from instituting or prosecuting further any proceeding in any state of United States court against RSUI on account of the accidents or occurrences set forth herein or the RSUI Policy;

c. On final hearing, each of the defendants and their agents, attorneys, representatives, assigns and all other persons claiming by, through, or under them or any of them, be enjoined and restrained from instituting or prosecuting further any proceeding in this or any other court of law or in equity against the plaintiff, RSUI Indemnity Company, on account of the RSUI Policy described above;

d. The Plaintiff, RSUI Indemnity Company, may be fully and finally discharged from all further liability by reason of payment of the proceeds of the RSUI Policy into this Court;

e. The Plaintiff, RSUI Indemnity Company, may be awarded reasonable and proper attorneys' fees and court costs in connection with the filing of this complaint; and

f. This Court grants such further relief as may, in its discretion, appear to be proper.

Respectfully submitted,

_____
RUSSEL Q. ALLISON
*Attorney for Plaintiff*
*RSUI Indemnity Company*

CARR ALLISON
100 Vestavia Parkway
Birmingham, AL 35216
rallison@carrallison.com
205/822-2206